IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LANCE BISHOP STEGLICH** | : | CIVIL NO. 1:08-CV-0985 |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| **UNITED STATES and** | : | |
| **WARDEN RONNIE HOLT** | : | |

**MEMORANDUM**

Presently before the court is petitioner Lance Bishop Steglich's ("Steglich") petition for writ of habeas corpus by a person in state custody pursuant to 28 U.S.C. § 2254. Steglich claims that the length of his current sentence was improperly enhanced by the United States District Court for the Western District of Virginia. Specifically, Steglich contends that the Western District of Virginia's sentencing calculation improperly included a previous judgment of conviction from the state of Maryland, at which Steglich was not represented by counsel. (Doc. 1 at 5.) For the reasons that follow, the petition will be dismissed.

**I.   Statement of Facts**

Steglich alleges that he was convicted in Maryland state court on December 5, 1994 for destruction of property. (Doc. 1 at 1.) The court imposed a deferred sentence of two days in jail and three years probation. (Id.) Steglich did not appeal his conviction or sentence. (Id.) Apparently, this sentence was served in full.

Several years later, Steglich pled guilty in federal court to charges of conspiracy to possess with intent to distribute crack cocaine. See Steglich v. United States, No. 7:06-CV-55, 2006 WL 1195785, at *1 (W.D. Va. May 3, 2006). The federal court sentenced Steglich to 200 months imprisonment on May 3, 2001. Id. This

sentence allegedly included an enhancement based upon Steglich's 1994 Maryland conviction. (See Doc. 1 at 5.) On November 21, 2001, the United States Court of Appeals for the Fourth Circuit upheld the sentence on appeal. See United States v. Steglich, 22 F. App'x 184 (4th Cir. 2001).

Steglich then filed a motion in the Western District of Virginia seeking general post-conviction relief on February 8, 2006.[1] See Steglich, 2006 WL 1195785, at *1. Although he did not file under a specific statutory section, Steglich instructed the court that he did not intend his pleading to be construed as a § 2255 motion. Id. The court considered the petition under the various authorities cited by Steglich[2] and dismissed the motion without prejudice after concluding that Steglich had not invoked the proper statutory habeas authority. Id. at *2-4. Steglich subsequently re-filed his motion pursuant to § 2255 on January 14, 2007. See Steglich v. United States, No. 7:07-CV-29, 2007 WL 750562, at *1 (W.D. Va. Mar. 8, 2007). On March 8, 2007, the court dismissed the motion as untimely. Id. at *2-3 (citing § 2255(f)(1)).

Steglich filed the instant petition under § 2254 on May 20, 2008. (See Doc. 1.) Although he recognizes that he is incarcerated in a federal prison, Steglich claims that he is entitled to § 2254 relief because his current sentence was improperly

---

[1] Steglich captioned this pleading, "An Independent Action Motion for Reconsideration Habeas Corpus." See Steglich, 2006 WL 1195785, at *1.

[2] Steglich invoked the writ of error coram nobis, 28 U.S.C. § 1651(a); the federal habeas corpus statutes, 28 U.S.C. § 2254 and § 2255; Federal Rule of Civil Procedure 60(b)(1) through 60(b)(6); the statutory source for federal question jurisdiction, 28 U.S.C. § 1331; and the declaratory judgment statute, 28 U.S.C. § 2201.

calculated by the federal sentencing court in Virginia. Specifically, Steglich argues that the federal court lengthened his sentence after considering the 1994 Maryland state conviction, which Steglich alleges was obtained without the provision of counsel. The petition has been fully briefed and is now ripe for disposition.

## II. Discussion

An individual in custody pursuant to the judgment of a state court may file an application for a writ of habeas corpus in the federal court for the district in which he or she is imprisoned.[3] 28 U.S.C. § 2254. A one-year statute of limitations period applies to such an application. 28 U.S.C. § 2244(d)(1). The statute of limitations period begins to run from (1) the date on which the judgment became final, (2) the date on which an impediment to filing was removed, (3) the date on which the United States Supreme Court initially recognized the constitutional right asserted in the application, or (4) the date on which the factual predicate of the claim could have been discovered through due diligence. Id. In the instant petition, Steglich neither identifies an impediment to seeking earlier relief, nor does he claim to have

---

[3] Steglich is in federal custody pursuant to a judgment in federal court. Typically, prisoners in federal custody must seek habeas relief under § 2255. As discussed above, the Western District of Virginia ruled that Steglich's petition for § 2255 relief was time barred. However, Steglich argues that he is entitled to § 2254 relief because his federal sentence was enhanced by his prior conviction in Maryland state court. Thus, Steglich argues that his current federal detention is the result of the "judgment of a state court" as required by § 2254. Although this nexus is quite tenuous, see Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 401-03 (2001) (holding that a prisoner is not "in custody" pursuant to a previous state-court judgment merely because it is used in a subsequent sentencing calculation), the court need not address this issue. See also infra note 4. Steglich's § 2254 petition, like his prior attempt at § 2255 relief, is untimely.

recently discovered a relevant factual predicate entitling him to relief. Furthermore, Steglich does not assert rights under a recently-recognized constitutional right. Thus, Steglich's allegations implicate only the first potential date from which the limitations period may run, to wit: the date on which the judgment of the Maryland state court became final.

The Maryland state court sentenced Steglich on December 5, 1994, and he did not appeal or file any motions for post-conviction relief in the Maryland courts. (See Doc. 1.) Under Maryland law, Steglich had thirty days from the date of sentencing to file an order of appeal with the clerk of the District Court—in this case, until January 5, 1995. See MD. CODE ANN., CTS. & JUD. PROC. § 12-401. Therefore, Steglich's state conviction became final in January 1995. However, this occurred prior to the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA granted all state prisoners whose convictions had previously become final a one-year grace period within which to seek habeas relief. See, e.g., Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998); Brown v. Angelone, 150 F.3d 370, 375-76 (4th Cir. 1998). This grace period expired on April 23, 1997. Steglich filed the instant petition on May 20, 2008. Therefore, even with AEDPA's grace period, the § 2254 petition is time barred by a period in excess of ten years.

However, Steglich argues that the court should look to his federal conviction in 2001 in order to determine the relevant limitations period, for it was the district court in the Western District of Virginia that imposed the federal sentence that he

currently challenges. Specifically, Steglich argues that his federal sentence, which was enhanced by virtue of the federal court's consideration of Steglich's prior state conviction, is unconstitutional. (See Doc. 1 at 6.) Steglich's state conviction allegedly was obtained without counsel; thus, he contends that any federal penalty incorporating that uncounseled state conviction violates the Constitution.

If the court construed Steglich's federal sentence as the relevant point from which to measure the one-year period for filing a § 2254 motion,[4] the instant petition is nonetheless untimely. As discussed above, the Fourth Circuit affirmed Steglich's federal sentence on November 21, 2001. At that time, Steglich had a ninety-day window within which to file a petition for a writ of certiorari in the United States Supreme Court.[5] Steglich's ninety-day window passed without an appeal to the Supreme Court, and his federal conviction became final on February 19, 2002. See Steglich, 2007 WL 750562, at *2. Assuming *arguendo* that the one-year period for

---

[4] In Lackawanna County District Attorney v. Coss, the Supreme Court held that § 2254 generally is not available to prisoners whose sentences are calculated using prior state convictions that are no longer open to direct or collateral attack. 532 U.S. at 403-04. The Court's language left open the possibility that this general rule may not apply where the petition alleges that the previous state conviction resulted from a "failure to appoint counsel in violation of the Sixth Amendment." Id. at 404. Thus, under Lackawanna, it may be possible to seek § 2254 relief when a federal sentence is calculated using a state conviction imposed in violation of the right to counsel. This argument is unavailable to Steglich, however, because the instant petition is untimely under the most generous of calculations and, as will be discussed infra, because Steglich failed to exhaust potential state remedies. See id. (noting that the exception is only available to "otherwise qualified petitioners").

[5] A petitioner must apply for a writ of certiorari from the Supreme Court within ninety days of the entry of judgment by a court of appeals. See 28 U.S.C. § 2101(c).

filing the instant § 2254 motion had not previously expired in 1997 when the AEDPA "grace period" closed, it most certainly expired in February 2003, one year after his federal conviction became final. Steglich filed this § 2254 petition in May 2008. Consequently, the petition is untimely even under the most generous interpretation of the relevant limitations period.[6]

Even if the statute of limitations period remained valid, however, Steglich failed to exhaust his potential remedies in state court. Section 2254 generally is available only if "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); Whitney v. Horn, 280 F.3d 240, 250 (3d Cir. 2002) (concluding that all claims raised in a § 2254 petition must have been fairly presented to the highest level of the state courts); Lines v. Larkin, 208 F.3d 153, 159 (3d Cir. 2000) (same). This provision ensures that the state courts have "an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights." United States v. Bendolph, 409 F.3d 155, 173 (3d Cir. 2005) (quoting Duckworth v. Serrano, 454 U.S. 1, 3 (1981)). A petitioner bears the burden of demonstrating the existence of this necessary predicate to a § 2254 claim. Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997). Steglich concedes that he did not appeal from the

---

[6] In some circumstances, the one-year filing requirement is subject to equitable tolling, but "equitable tolling is proper only when the principles of equity would make rigid application of a limitation period unfair . . . . Mere excusable neglect is not sufficient." Miller v. N.J. Dep't of Corr., 145 F.3d 616, 618 (3d Cir. 1998) (citation omitted); see also Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (enumerating three appropriate situations, none of which are applicable here). The court finds that Steglich has not offered any facts that justify equitable tolling of AEDPA's strict timeliness requirements.

judgment of his conviction in state court, nor did he pursue other post-conviction relief in the Maryland courts.  (See Doc. 1 at 1-3.)  Steglich merely points to letters that he sent to a Maryland judge in September 2007 requesting docket sheets from his Maryland conviction as evidence of his "reasonable and appropriate attempt" to exhaust his state remedies.  (Doc. 10 at 2.)  Steglich's letters, sent thirteen years after he was convicted in the Maryland court, are an inadequate substitute for proper exhaustion of state remedies.  Therefore, even if Steglich's application was timely, the court would dismiss the instant petition because he failed to exhaust his state remedies.

### III.  Conclusion

The court finds that Steglich filed his § 2254 petition after the expiration of the statutory one-year filing period.  As a result, the instant petition (Doc. 1) is untimely.

An appropriate order will issue.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:        December 3, 2008

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**LANCE BISHOP STEGLICH** : **CIVIL NO. 1:08-CV-0985**
:
**v.** : **(Judge Conner)**
:
**UNITED STATES and** :
**WARDEN RONNIE HOLT** :

## ORDER

AND NOW, this 3rd day of December, 2008, upon consideration of the petition for writ of habeas corpus by a person in state custody pursuant to 28 U.S.C. § 2254 (Doc. 1), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The motion (Doc. 1) is DISMISSED.

2. A certificate of appealability is DENIED. See 28 U.S.C. § 2253(c)(1)(B).

3. The Clerk of Court is directed to CLOSE this case.


   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge